CLARKSON, APPELLANT, *v.* KENNETT, RESPONDENT.

[Submitted February 27, 1896. Decided March 2, 1896.]

TRIAL—*Pleading and proof—Action for money loaned.*—A complaint for money loaned and advanced to the defendant is supported by proof that the money was paid, upon the express orders and requests of the defendant, to other persons, who, it appeared, were creditors of the defendant.

SAME—*Nonsuit—Action for money loaned.*—The fact that defendant had promised to repay the plaintiff for money loaned and advanced, out of the receipts from the sale of wool, does not entitle him to a nonsuit upon the plaintiff's failure to show that there had been any settlement between them concerning the wool.

*Appeal from Seventh Judicial District, Dawson County.*

ASSUMPSIT. Judgment was rendered for the defendant below by MILBURN, J., on motion for nonsuit. Reversed.

Statement of the case by the justice delivering the opinion.

The plaintiff brought this action for $310.68 for money alleged to be loaned and advanced by plaintiff to defendant at the special instance and request of the defendant. The defense interposed by the defendant was that the plaintiff was a member of a co-partnership carrying on the sheep business, and that the loans and advances mentioned in the complaint were not made to the defendant, but to the sheep company, of which sheep company defendant alleges that he was manager. The new matter in the answer was denied by replication, the plaintiff setting up in that pleading that the defendant had the sheep on shares, under an agreement, among other things, that defendant was to pay all expenses of every kind in keeping the sheep. The case was tried by a jury. At the close of plaintiff's testimony, the court granted a non-suit against plaintiff, and entered judgment for defendant. Plaintiff appeals from the judgment.

*Strevell & Porter,* for Appellant.

DE WITT, J.—An examination of this record satisfies us that there is ample evidence tending to show that plaintiff loaned and advanced this money to the defendant. It seems, however, that the court granted the non-suit on the ground that the evidence showed that the money was not paid to the defendant directly, but was paid to other persons. The fact is that the money was paid to other persons, but upon the express orders and requests of the defendant to pay to such other persons, who, according to plaintiff's testimony, were creditors of the defendant. This was evidence supporting the allegation of the complaint of money advanced to defendant. (Abbott's Trial Ev., p. 240, § 4, and cases cited.)

Another ground upon which the district court seems to have acted is that defendant promised to repay the money out of the receipts from the sale of wool, and that it did not appear that there had been any settlement between plaintiff and defendant about the wool. But whatever appeared as to paying the debt out of the wool receipts was simply a method or means by which defendant expected to raise the money. The

receipt of the wool money was not a condition for payment of the advances. The court clearly erred in granting this motion for non-suit.

₁ The judgment will therefore be reversed; and a new trial ordered.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.